(No. 15864.—Judgment reversed; award set aside.)

The Wedron Silica Company, Plaintiff in Error, vs. The Industrial Commission et al.—(Mark A. Bennett, Defendant in Error.)

*Opinion filed April 14, 1924.*

1. Workmen's compensation—*dependency, under paragraph (c) of section 7 of Compensation act, must be proved regardless of legal obligation.* Paragraph (c) of section 7 of the Compensation act, providing for compensation in cases of partial dependency, makes the existence of the dependency a question of fact, to be proved without regard to whether there was at the time of the death of the employee a legal obligation to support the claimant.

2. Same—*dependency is a question of fact.* Dependency, and the extent of it, are questions of fact.

3. Same—*who is a dependent.* A dependent is one who is sustained or relies for support on the aid of another or looks to another for support and for reasonable necessaries consistent with the dependent's position in life.

4. Same—*when evidence does not show dependency of parent.* Evidence that the employee, two years before the accident which resulted in his death, made contributions and paid gas bills at the home of his father while it was being kept up by his sister and her husband, with whom the father lived at that time, is not sufficient to prove that the father was dependent on the son at the time of the son's death, at which time the father was earning more money than the son.

Writ of Error to the Circuit Court of Cook county; the Hon. Harry M. Fisher, Judge, presiding.

Gallagher, Kohlsaat, Rinaker & Wilkinson, for plaintiff in error.

George A. Schneider, for defendant in error.

Mr. Justice Stone delivered the opinion of the court:

This is a compensation case. The only question involved in it is whether Mark A. Bennett, the defendant in error, the father of Earl S. Bennett, deceased, is entitled,

by reason of dependency, to compensation for the latter's death, under the Compensation act.

The testimony in the case consisted of that of the defendant in error. From it, it appears that on May 8, the date of the death of Earl S. Bennett, defendant in error was living in Wilmette, Illinois, where he had resided subsequent to July, 1921. The deceased at the time of his death was employed and living at Wedron, in LaSalle county. Defendant in error was employed as a carpenter, receiving at times $1.10 per hour and at other times $1.25. He is a widower and was rooming and boarding at Wilmette at the time of the death of the deceased. He testified that he had fairly steady employment from December, 1919, to December, 1920; that from December 21, 1920, until July 2, 1921, he was out of employment most of the time; that from July 2, 1921, to January 1, 1922, he lost about four months' time, and that from January 1, 1922, until the date of his son's death he worked steadily. He paid about $15 per week for room and board, and testified that his son sent him no money at any time while he was at Wilmette.

The evidence of contributions made by the deceased to defendant in error is, that for some time prior to two years before the accident he had turned over $15 a week and paid gas bills at the home which the defendant in error owned at Ottawa, Illinois, and in which defendant in error was living during that year with his daughter and her husband. This home is valued at $3500, less a mortgage of $800. Defendant in error testified that during this time he did not contribute to the up-keep of the house, as he gave the use of the building. Deceased at the time of his death was earning $18 per week, and it is evident from the testimony of defendant in error that he paid little attention to what his son was doing.

Paragraph (c) of section 7 of the Workmen's Compensation act provides: "If no amount is payable under para-

graph (*a*) or (*b*) of this section and the employee leaves any parent, child or children, grandparent or grandchild, who at the time of injury were dependent upon the earnings of the employee, then such proportion of a sum equal to four times the average annual earnings of the employee as such dependency bears to total dependency, but not less in any event than $1650 and not more in any event than $3750."

It is argued by the defendant in error that a parent or other lineal relative is presumed to be dependent from the relationship between the applicant and the deceased. Under the Compensation act of 1915 compensation was payable to any widow, child, parent, grandparent or other lineal heir to whose support the deceased had contributed within four years previous to the time of the injury. Section 7 of the act, as amended in 1921, (Laws of 1921, p. 449,) provides by paragraph (*a*) that if the employee leaves any widow, child or children whom he was under legal obligation to support at the time of his injury, they shall receive compensation as is therein provided. Paragraph (*b*) provides, that if no amount is payable under paragraph (*a*) and the employee leaves any parent, husband, child or children who at the time of the injury were totally dependent upon the earnings of the employee, then compensation shall be paid to them in the manner provided by that section. Paragraph (*c*) provides as hereinbefore set out in this opinion. It will be noted that the act draws a distinction between cases where, as in paragraph (*a*) of section 7, compensation is provided for the widow or child or children whom the deceased is legally liable to support, and those cases embraced in paragraph (*c*) of that section where the employee leaves any parent, child or children, grandparent or grandchild, who at the time of the injury were in part dependent upon the earnings of the employee. It was evidently the intention of the legislature to make the existence of the dependency in the latter case one of fact, and to

provide by the latter clause for those cases where such dependency in fact exists, regardless of whether there is at the time of the death of the employee a legal obligation to support the claimant.

Defendant in error urges that a parent or other lineal relative is presumed to be dependent, as in case of a plaintiff coming under the Injuries act. If this were the rule dependency would exist as a matter of law upon showing such relationship and no reason for the distinction made in the different paragraphs of section 7 of the act would exist. This court has frequently held that the question of dependency, and the extent of it, are questions of fact; that a dependent is one who is sustained or relies for support on the aid of another or looks to another for support, and for reasonable necessaries consistent with the dependent's position in life. (*Alden Coal Co.* v. *Industrial Com.* 293 Ill. 597; *Keller* v. *Industrial Com.* 291 id. 314; *Rock Island Iron Works* v. *Industrial Com.* 287 id. 648.) From the testimony of the defendant in error in this case it is evident that he was not at the time of the death of the deceased dependent upon him for support. He was then employed at a regular wage several times that received by the deceased. They were living in different parts of the State, and there is no evidence in the record tending to establish that deceased was contributing to defendant in error's support. The contributions by the deceased testified to by the defendant in error were two years previous to the death of the son, when the former was living with his daughter in a house owned by him in the city of Ottawa. The deceased came to the home for week-ends and while there would get his meals. Defendant in error testified that he (defendant in error) was away from home a considerable portion of the time; that while there he did not furnish the provisions of the house for the family of his daughter and her husband but furnished the house. It seems clear from this record that he was not only able to support himself at the

time of the death of his son but was doing so and was in no way relying upon the latter for support. Dependency is not shown by the record.

The judgment of the circuit court affirming the award will therefore be reversed and the award set aside.

*Judgment reversed; award set aside.*