(No. 18690.—)
THE HAMER-PASKINS COMPANY, Plaintiff in Error, *vs.*
THE INDUSTRIAL COMMISSION *et al.*—(LENA SIED-
SCHLAG, Defendant in Error.)

*Opinion filed June 23, 1928.*

MCKENNA & HARRIS, for plaintiff in error.

MURPHY O. TATE, for defendant in error.

Mr. JUSTICE HEARD delivered the opinion of the court:

Plaintiff in error by leave of this court has brought here for review the record of the circuit court of Cook county confirming an award of the Industrial Commission against plaintiff in error in favor of Lena Siedschlag, as dependent mother of Fred Bosshart.

Fred Bosshart met his death on the 10th day of September, 1926, in an accident arising out of and in the course of his employment with the plaintiff in error, the Hamer-Paskins Company. He was unmarried at the time of his death and had no brothers or sisters and no relatives except his natural mother. He was an illegitimate or natural son of Lena Bosshart, now Lena Siedschlag, defendant in error. His father was Ted Rueff. His parents were never married and he was reared by an aunt in Switzerland. Subsequently to his birth his mother came to this country and was married to Siedschlag, her present husband. Since 1910 she has lived with her husband on a farm in Osnabrook, North Dakota. At the time of Bosshart's death she and her husband were living on this farm of 320 acres, which they had rented for one-half of the proceeds. She did the housework, attended to the garden, potatoes, cows, chickens, and did the other work of a farmer's wife in that community, while her husband worked in the field. They were not in debt, and, as she expressed it, "made a daily living and can just about get by." Her husband had good credit at the bank, and she testified that there was no one up there that denied her credit. In 1926 they had about 250 acres in crops, milked four cows daily and had 400 chickens. She testified that she was not dependent on her son at the time of his death but that if her husband should die then she would be, and that the reason she was making a claim was that if her husband died she would not have anyone to take care of her, but that her husband's health was good so far. Deceased had lived with his mother five years prior to November 23, 1925, at which time he went to Michigan, where he worked for a time and then went to Chicago, where he was working at the time of his death. After leaving home he sent his mother $50 in the middle of December, 1925, $50 in March, 1926, $30 in July, 1926, and $20 in August, 1926. This money she used for clothing and for such other purposes as she saw fit.

Plaintiff in error claims, first, that the mother of an illegitimate son cannot be dependent, under the provisions of the Workmen's Compensation act of Illinois, upon her natural son; and second, that on the facts of this case there was, in fact, no partial dependency. In the view which we take of this case it is not necessary to discuss or decide the first question. The state of dependency is a present, existing relation between two persons where the one is sustained by the other or relies on the aid of the other for his means of living. (*Chicago, Wilmington and Franklin Coal Co.* v. *Industrial Com.* 329 Ill. 494.) To entitle a dependent to an award under the Workmen's Compensation act the evidence must show that at the time of the injury the claimant was dependent upon the earnings of the employee. An anticipation of dependency and a contribution for support, although it may be reasonably expected, is not within the terms of the statute, which furnishes the rule by which the right of a claimant shall be determined. (*Wasson Coal Co.* v. *Industrial Com.* 312 Ill. 241.) In the instant case the evidence does not show that Mrs. Siedschlag at the time of her son's death was sustained by him or relied upon his aid for her means of living, but, on the contrary, it shows that while he had sent her some money during the year prior to his death, she was, in fact, supported by her husband, and that she herself did not consider that she was dependent upon her son at the time of his death but was only making the claim by reason of an anticipation that her husband might die.

Defendant in error's state of dependency not existing at the time of her son's death, the judgment of the circuit court must be reversed. *Judgment reversed.*