(No. 19501.—

THE L. M. & O. MOTOR COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(T. F. HAYS *et al.* Defendants in Error.)

*Opinion filed June 19, 1929.*

WHEELER & OEHMKE, (C. E. KLEIN, and WILLIAM C. DUNHAM, of counsel,) for plaintiff in error.

JUNE C. SMITH, for defendants in error.

Mr. CHIEF JUSTICE FARMER delivered the opinion of the court:

Jewell Hays, a young man almost nineteen years of age, who resided with his parents in Centralia, Illinois, was employed as an extra truck driver by the L. M. and O. Motor Company of that city. On December 26, 1927, while engaged in his employment, Hays received accidental injuries from which he died about a month later. His parents, T. F. Hays and Neita Hays, claimed partial dependency upon his earnings, and on March 28, 1928, filed with the Industrial Commission their application for compensation. At the hearing before the arbitrator it was agreed between the parties that the deceased and the motor company were at the time of the accident under the provisions of the Workmen's Compensation act; that the accident causing Hays' death arose out of and in the course of his employment; that notice of the accident was given and demand

for compensation was made within the time required by the act, and that the deceased left no wife surviving and no children under sixteen years of age. The controverted questions were as to the dependency of the applicants, the wages of the deceased at the time of his injury and the amount of hospital, surgical and medical attention reasonably necessary. The arbitrator found, among other things, that the average weekly wage of the decedent during the year prior to his injury and death was $15; that T. F. Hays and Neita Hays, the father and mother of deceased, who were his sole beneficiaries and to whom he was contributing support, were entitled to compensation at the rate of $7.50 per week for a period of 220 weeks, as provided in paragraph (c) of section 7 of the act, and were entitled to the further sum of $1187.63 for necessary medical and hospital services. The arbitrator's decision was reviewed by the Industrial Commission. No further evidence was offered by either party and the commission confirmed the award. The cause was removed by *certiorari* proceedings to the circuit court of Marion county. That court during January, 1929, confirmed the award of the Industrial Commission, and by leave of this court the motor company has sued out a writ of error to review the judgment.

The plaintiff in error has waived all questions in controversy except as to whether the parents of the deceased were at the time of his injury dependent upon their minor son's earnings under paragraph (c) of section 7 of the Workmen's Compensation act. That provision of the statute is in part as follows: "If no amount is payable under paragraphs (a) or (b) of this section and the employee leaves any parent, child or children, grandparent or grandchild, who at the time of injury were dependent upon the earnings of the employee, then such proportion of a sum equal to four times the average annual earnings of the employee as such dependency bears to total dependency, but not less in any event than one thousand six hundred fifty

dollars and not more in any event than three thousand seven hundred fifty dollars." (Cahill's Stat. 1927, p. 1225.)

The only evidence in the record relative to the dependency of the parents of the deceased is that of his father, T. F. Hays. The Hays family consisted of the father, mother and the deceased son. They had lived in Centralia for more than ten years. The father had been employed by the Illinois Central Railroad Company for eleven years. He was about thirty-eight years of age at the time of the hearing, and when deceased was injured, and for about eight months prior thereto, the father had earned about $260 a month. His earnings prior to that time while living in Centralia are not shown by the record. For more than a year prior to the son's death his mother conducted a beauty parlor, from which business she derived some income. The deceased lived at home with his parents, who boarded him, clothed him and gave him spending money. He went to school during the school season, attended high school in Centralia and in Lovelaceville, Kentucky, where he graduated in June, 1927. While attending school in Kentucky he stayed with his grandmother. His father paid his board at $20 per month, clothed him and paid other expenses for him. Apparently he worked during the vacation periods before he graduated. In 1925 he was employed during the vacation period at $3.65 per day. He worked for the Illinois Central Railroad Company at different times and earned from $3.80 to $4.80 per day. In 1926 he worked in Kentucky for three and a half months driving a truck and was paid $4.80 per day. He had driven a truck for plaintiff in error for two and a half or three months before his death, working on an average of three days per week at a wage of $5 per day. About 1924 the father bought a piece of property in Centralia for $3500, for which the boy helped to pay. The son gave his father $175 the first time and also gave him other money to pay on the property. Every pay-day he would give his father $25

or $30. The father testified the deceased gave all of his wages to his father or mother, and that money was placed "with our own money and used on the family."

Whether there is dependency under paragraph (c) of section 7 of the Workmen's Compensation act is a question of fact to be established by the applicant. (*Wedron Silica Co.* v. *Industrial Com.* 312 Ill. 118; *Bauer & Black* v. *Industrial Com.* 322 id. 165.) The state of dependency is a present, existing relation between two persons where the one is sustained by the other or relies on the aid of the other for his means of living. (*Chicago, Wilmington and Franklin Coal Co.* v. *Industrial Com.* 329 Ill. 494.) Partial dependency may exist even though the evidence shows the claimant could have subsisted without the contributions of the deceased employee. It is not necessary to show that the claimant would have been without the necessities of life or that he was without other means of support. The test is whether the contributions were relied upon by the applicant for his means of living, judging by his position in life, and whether he was to a substantial degree supported by the employee at the time of the latter's death. (*Bauer & Black* v. *Industrial Com. supra; Peterson* v. *Industrial Com.* 331 Ill. 254; *Yellow Cab Co.* v. *Industrial Com.* 333 id. 49.) To entitle a dependent to an award under the Workmen's Compensation act the evidence must show that at the time of the injury the claimant was dependent upon the earnings of the employee. *Hamer-Paskins Co.* v. *Industrial Com.* 331 Ill. 65.

The father, who was one of the claimants in the instant case, was under forty years of age, and, so far as the record shows, both father and mother were unafflicted with any physical ailment. Both were engaged in remunerative occupations. The father received good wages from his employment with the Illinois Central Railroad Company and the mother made a profit from her beauty shop. What

the family's mode of living was, the amount of the expenses of the family, or what the cost of the deceased son's board, clothing, spending money, etc., were, is not disclosed by the record. Neither is it shown that the parents required anything additional or relied upon any portion of the son's earnings for their support or for reasonable necessaries consistent with their position in life. The conclusion that there was no partial dependency is as consistent with the evidence as that the son assisted in the support of his parents. An award cannot rest upon speculation, conjecture or surmise but must be based upon facts. (*Bauer & Black* v. *Industrial Com. supra,* and cases there cited.) The record does not show that the parents at the time of their son's death were sustained by him or that they relied upon his earnings for their means of living.

Counsel for plaintiff in error admit in their brief that if the parents of the deceased are not legally entitled to compensation for dependency then there is a liability and obligation on the part of the motor company, under paragraph (*e*) of section 7 of the act, in amount of $150 for funeral expenses and of $300 to be paid into the special fund provided for therein and which is under the control of the State Treasurer.

The judgment of the circuit court is therefore reversed in so far as the question of the parents' dependency is concerned and the cause is remanded to that court, with directions to remand the case to the Industrial Commission with instructions to amend the award by allowing only the amounts to be paid by plaintiff in error under paragraph (*e*) of section 7 of the Workmen's Compensation act.

*Reversed in part and remanded, with directions.*