(No. 20128.—)
THE ROBERT GAIR COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(SADIE BENNER BAGLEY, Defendant in Error.)

*Opinion filed June 20, 1930.*

McKENNA & HARRIS, (JAMES J. McKENNA, and ABRAHAM W. BRUSSELL, of counsel,) for plaintiff in error.

EDWARD P. ALLEN, for defendant in error.

Mr. JUSTICE STONE delivered the opinion of the court:

This cause is here on writ of error granted to review the judgment of the circuit court of Adams county confirming an award of the Industrial Commission granting to defendant in error compensation for the death of her son, Raymond Benner, who was killed in an accident in the course of and arising out of his employment. The arbitrator and commission awarded the sum of $1875 for one-half total dependency of defendant in error.

The deceased at the time of the accident resulting in his death was employed by plaintiff in error in Quincy, Illinois. Defendant in error had formerly lived in Quincy but in 1921 moved to Belleville, Illinois. Deceased and his sister, Mildred, lived with defendant in error there and contributed to her support. In 1922 defendant in error married a man by the name of Bagley. Thereafter the deceased and his sister, Mildred, returned to Quincy, where each sought employment. Subsequent to the marriage of defendant in error, and while deceased was living with her and Bagley, he contributed $10 a week to her. After his return to Quincy in July, 1923, the evidence shows that he once sent $10 to his mother. There is no evidence that from the time he left Belleville until his death, in September, 1923, he sent any further sum. Defendant in error testified that he was saving money for her, awaiting the time when she would live with him again.

Plaintiff in error argues that the evidence not only does not show dependency on the part of defendant in error but that it shows that she was not dependent and that deceased was not contributing to her in any substantial manner. The rule is that dependency must be based on evidence that the parent was dependent on the deceased for support at the time of the death of the deceased and that he had been contributing to her in a substantial manner. (*Yellow Cab Co.*

v. *Industrial Com.* 333 Ill. 49.) Under section 7c of the Workmen's Compensation act dependency is a question of fact, and the party seeking compensation must prove by competent evidence that he or she was, in fact, dependent on the deceased employee. (*L. M. & O. Motor Co.* v. *Industrial Com.* 335 Ill. 254; *Bauer & Black* v. *Industrial Com.* 322 id. 165; *Wedron Silica Co.* v. *Industrial Com.* 312 id. 118.) Evidence that during the time the deceased lived with defendant in error he contributed to her support is not sufficient to sustain an award, for the reason that dependency prior to the time of the death is not determinative. Such dependency must be shown to exist at the time of the decease of the employee. Where dependency existed but terminated before the accident, it, as a matter of law, does not exist. (*Wedron Silica Co.* v. *Industrial Com. supra.*) The fact that defendant in error expected to be dependent upon deceased in the future or expected to live with him in the future and that he was saving money for the time when she should live with him is not sufficient to support an award, as the dependency must be at the time of the death and not a contemplated future dependency. (*Hamer-Paskins Co.* v. *Industrial Com.* 331 Ill. 65.) The evidence shows that defendant in error was married to and living with her second husband at the time of the death of her son, and the presumption is that the husband discharged the duty resting upon him to support her. (*Yellow Cab Co.* v. *Industrial Com. supra; Alden Coal Co.* v. *Industrial Com.* 293 Ill. 597; *Goelitz Co.* v. *Industrial Board,* 278 id. 164.) The evidence in this case does not disclose that defendant in error was in need of the support of her son. Such evidence is also necessary to support an award. (*Ward Pump Co.* v. *Industrial Com.* 302 Ill. 199.) The award in this case is without substantial basis in the evidence.

The judgment of the circuit court is reversed.

*Judgment reversed.*