(No. 21688.—

MABEL YOUNG, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(THE AYER & LORD TIE COMPANY, Defendant in Error.)

*Opinion filed February 23, 1933—Rehearing denied April 13, 1933.*

STONE & FOWLER, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, JAMES A. WATSON, and FRANK R. EAGLETON, for defendant in error.

Mr. JUSTICE ORR delivered the opinion of the court:

Plaintiff in error, Mabel Young, filed her claim for compensation with the Industrial Commission under paragraph (*d*) of section 7 of the Workmen's Compensation act as amended in 1929, alleging that her brother, Tom Sykes, upon whom she was dependent, sustained an acci-

dental injury in the course of his employment for the Ayer & Lord Tie Company on December 16, 1930, and that as the result of such injury he died on the same day. At the hearing before the arbitrator it was stipulated that deceased and defendant in error were on December 16, 1930, operating under and subject to the provisions of the Workmen's Compensation act; that deceased on that date sustained accidental injuries arising out of and in the course of his employment which resulted in his death; that notice of the accident and claim for compensation were made within the time provided by law; that the earnings of deceased for the year next preceding the injury were $422.24 and the average weekly wage $8.12; that first aid and medical services were provided by defendant in error and that no amount has been paid on account of his injury and death. After taking the testimony of numerous witnesses the arbitrator entered an award for $7.50 per week for a period of 202 weeks, amounting to $1515, with a finding that deceased left plaintiff in error, his sister, surviving and partially dependent upon him for support, and directing that the compensation should be payable to her. Upon review before the Industrial Commission the award of the arbitrator was set aside on the ground that deceased left no person entitled to compensation. It was further ordered that defendant in error pay $300 into the special fund of the State of Illinois under the provisions of paragraph (e) of section 7 and to pay the undertaker $150. The circuit court of Jackson county on *certiorari* entered its judgment confirming the decision of the Industrial Commission, and by leave of this court the cause comes here for review by writ of error.

The sole question involved is one of dependency, as all of the other relevant matters were settled by stipulation before the arbitrator.

Paragraph (d) of section 7 of the Workmen's Compensation act as amended in 1929 provides: "If no amount

is payable under paragraphs (*a*), (*b*) or (*c*) of this section and the employee leaves collateral heirs dependent at the time of the injury to the employee upon his earnings to the extent of fifty percentum or more of total dependency, then such proportion of a sum equal to four times the average annual earnings of the employee as such dependency bears to total dependency, but not less in any event than $1650 and not more in any event than $3750."

In this case it was only necessary, in order to entitle plaintiff in error to recover the minimum award provided in paragraph (*d*) above, that she show by a preponderance of the evidence that she relied upon her brother to support herself and children to the extent of one-half or more of her total dependency. The record establishes, without question, that at the time of Sykes' death, and for quite a period of time prior thereto, she was totally dependent upon him. The evidence shows that Sykes rented her home for her in Carbondale at six dollars per month, and that such rent as was paid during the year preceding his death was paid by him. This fact was established by the undisputed testimony of four witnesses. The house was rented by Sykes in his own name. He had divorced his wife about seven years prior to that time and was himself living in a small shack a short distance from the home he rented for his sister. She was a widow and had her four minor children living with her besides an invalid brother. She testified that she did some housework in May and June, 1930, earning about four dollars a month during those two months; that after June she earned very little, and had had no work at all for quite a period prior to Sykes' death. Her only income was derived from infrequent cleaning and laundry work then available to colored women and what Sykes furnished her. So far as the record shows the rent of six dollars a month furnished to her by Sykes was more than fifty per cent of her support as compared with her earnings, but in addition to her rent the evidence further

shows that her groceries and provisions were also furnished to her and her family by Sykes. George Ridgeway, a storekeeper in Carbondale, testified that Sykes bought groceries for his sister in the winter of 1930 and for a year prior to his death and that witness charged them to him; that his bills would run about $20 to $25 a month, and that such provisions as were not carried from the store were delivered to plaintiff in error's house. Sykes took his meals at her home, and the record abundantly shows that she received no support or income other than what he furnished her, except in the few instances above related. These facts are corroborated by the testimony of different neighbors and no witness disputed them. Even Amie Dodd, a friend who was shown to have been a frequent visitor at Sykes'. place of abode, testified that plaintiff in error got all of her support from Sykes.

All of the requirements of dependency are met by the evidence in the record before us in such way as to clearly entitle plaintiff in error to the minimum award of $1650. This court has uniformly held that the decision of the Industrial Commission and judgment of the circuit court will not be allowed to stand where they are manifestly against the weight of the evidence. (*Novak* v. *Industrial Com.* 339 Ill. 292; *Berry* v. *Industrial Com.* 335 id. 374.) The finding of the Industrial Commission that Sykes left surviving him no person entitled to compensation is manifestly against the weight of the evidence, as was also the judgment of the circuit court in affirming such order.

The judgment of the circuit court and the order of the Industrial Commission are therefore reversed and the cause is remanded to the circuit court, with directions to enter an award in favor of plaintiff in error in the minimum sum of $1650, as provided by paragraph (*d*) of section 7 of the Workmen's Compensation act.

*Reversed and remanded, with directions.*