(No. 24509.—

THE FRANCE STONE COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(EVELYN KOCH, Defendant in Error.)

*Opinion filed June 15, 1938—Rehearing denied October 5, 1938.*

ANGERSTEIN, PIGGOTT & ANGERSTEIN, for plaintiff in error.

BARASA, RINELLA & BARASA, (JOSEPH BARBERA, of counsel,) for defendant in error.

Mr. JUSTICE FARTHING delivered the opinion of the court:

This is a writ of error granted to review the order of the superior court of Cook county confirming an award of compensation to defendant in error, Evelyn Koch, for the

death of her uncle, Rheinhold Koch. The arbitrator and the commission awarded her $2111.50 payable at the rate of $10.15 per week for 208 weeks, and thirty cents for one week, for fifty per cent dependency.

The dependency of Evelyn Koch is the sole question presented for review. Rheinhold Koch was a brother of defendant in error's father. He had lived with her parents for twenty-three years, and had paid $50 every month for his room and board. Evelyn was twenty years old when her uncle was killed. She lived with her mother, father, brother and sister. The other two children were in high school and grammar school, respectively. Evelyn had been clothed at her uncle's expense since her birth. This item had averaged $100 per year. When she entered high school her uncle gave her an allowance of $3.50 to $4 each week for lunches, carfare and books. This allowance was continued after her graduation, and until her uncle's death. She relied on her uncle rather than her parents for this part of her up-keep, but there is no evidence that she received either the money or clothing in payment for services. She took care that her uncle's clothing was in perfect order, since he was particular about his appearance. She did his laundry, and because her uncle and her father worked different hours, she kept the food warm and served her uncle's meals. The proof shows that Evelyn's father was employed by a steel company as an inspector, and, during the year preceding his brother's death, he earned $1352.40. He owned a two-family flat, and rented the upper apartment for $40 per month. He made monthly payments of $58.52 on a mortgage on this property, and the annual taxes were $124. The $600 paid him by his brother for room and board during that year made up the balance of his income. Evelyn Koch, her mother and her father, were the only witnesses who testified in this case, with the exception of the reporter who took the testimony at the coroner's inquest the day after Rheinhold Koch died. It was shown by the

reporter that in answer to routine questions put by the deputy coroner, Evelyn said that her uncle left no parents and that he was not supporting any minors, was a single man and had no dependents. The plaintiff in error contends that because of this admission against interest her testimony should be disregarded, except in so far as it is corroborated by disinterested witnesses. She, alone, filed the claim for compensation, and we cannot say that the commission was in error in giving credence to her testimony which was corroborated by both her parents.

Paragraph (d) of section 7 of the Workmen's Compensation act (Ill. Rev. Stat. 1937, chap. 48, par. 144(d), p. 1568; Jones Ann. Stat. 143.22) provides that "If no amount is payable under paragraphs (a), (b), or (c) of this section and the employee leaves any grandparent, grandchild or grandchildren or collateral heirs dependent at the time of the injury to the employee upon his earnings to the extent of fifty percentum or more of total dependency, then such proportion of a sum equal to four times the average annual earnings of the employee as such dependency bears to total dependency, but not more in any event than three thousand seven hundred fifty dollars. Any compensation payments other than necessary medical, surgical or hospital fees or services shall be deducted in ascertaining the amounts payable on death." Dependency, as it is used in the Workmen's Compensation act, has been defined to be a present, existing relation between two persons, where the one is sustained by the other or relies on the aid of the other for his means of living. (*Hamer-Paskins Co.* v. *Industrial Com.* 331 Ill. 65, 67; *Bauer & Black* v. *Industrial Com.* 322 id. 165, 167.) It is not necessary to show that the claimant would have been without the necessities of life nor is it necessary to show that he was without other means of support. Neither is it fatal to his claim that he is dependent, if it appears that he does have other means of partial support. (*General Construction Co.* v. *Industrial*

*Com.* 314 Ill. 58; *Pratt Co.* v. *Industrial Com.* 293 id. 367; *Imperial Brass Manf. Co.* v. *Industrial Com.* 306 id. 11.) The test is whether the contributions were relied upon by the applicant for his means of living, judging by his position in life, and whether he was to a substantial degree supported by the employee at the time of the latter's death. (*Bauer & Black* v. *Industrial Com. supra,* and cases there cited.) The existence of dependency and its extent are questions of fact, and this court will not interfere with the finding of the commission on those questions, if there is evidence to sustain that finding. *General Construction Co.* v. *Industrial Com. supra; Richardson Sand Co.* v. *Industrial Com.* 296 Ill. 335.

Plaintiff in error relies upon *Yellow Cab Co.* v. *Industrial Com.* 333 Ill. 49; *Hamer-Paskins Co.* v. *Industrial Com. supra; Bauer & Black* v. *Industrial Com. supra; Gair Co.* v. *Industrial Com.* 340 Ill. 99, and *Lederer Co.* v. *Industrial Com.* 321 id. 563, but the facts in those cases were different from those in the case now before us. In the *Yellow Cab Co. case* the claimant was the mother of the decedent. She was supported by her husband and did not rely on contributions from her son. The evidence did not show that he ever made any contributions, but did show that he was "broke" most of the time. In *Bauer & Black* v. *Industrial Com. supra,* the decedent's payments to her mother did not equal the cost of her room and board. We held the conclusion that there was no partial dependency was as consistent with the evidence as that the daughter contributed to her mother's support. In *Lederer Co.* v. *Industrial Com. supra,* the evidence failed to show that the decedent paid anything more than the cost of his room and board. On the facts of these cases we held that no dependency was proved. In *Gair Co.* v. *Industrial Com. supra,* and *Hamer-Paskins Co.* v. *Industrial Com. supra,* no question of dependency at the death of the employee was presented. In both cases the claimant demanded com-

pensation because she would have been dependent on her son, the deceased employee, if she had not had a living husband who was supporting her. We held that a possibility of dependency is not within the meaning of the Workmen's Compensation act. These cases are also not in point.

On the other hand, in *Young* v. *Industrial Com.* 352 Ill. 140, we reversed a judgment of the circuit court and the order of the Industrial Commission and ordered that the claimant be given the minimum award of $1650 which was then provided by section 7, paragraph (d). The claimant was a widow who had four children. The decedent was her brother. He had paid her house rent and bought her groceries. He ate his meals with her, but did not live with her. Her only other income was derived from infrequent cleaning and laundry work. We held that she had proved that she was more than fifty per cent dependent on her brother. In *General Construction Co.* v. *Industrial Com. supra,* the claimant was the father of the decedent. They had lived together and were the only members of the household. The father earned $3.50 per day, and his rent was $10 per month. He had no other source of income except that the son gave part of his earnings to him and this was applied towards their living expenses. We held that a case of partial dependency had been proved, and said that partial dependency may exist even though the claimant could have subsisted without the decedent's contributions.

In *Pratt Co.* v. *Industrial Com. supra,* the deceased employee, a son, had contributed towards the purchase price of his parents' home, had furnished materials for papering, painting and repairing it, had paid part of the taxes and had paid the coal bills. He also paid his mother $7 a week for board and room and gave her money with which to buy her clothes and for spending money. The father had steady employment at $18 a week. He gave his wife $10 a week to be used for household expenses. We modified an award and made it payable to the mother, alone, and held that so

far as she was concerned, a partial dependency had been established.

Plaintiff in error contends that all of these cases, with the exception of the *Young case,* are not in point because they arose under section 7 (c), which requires only partial dependency to be established to support an award. As to the *Young case,* it contends that an almost total dependency was proved, and hence it is not in point. Section 7 (d) requires that at least a fifty per cent dependency be established before an award can be made, but regardless of the degree of dependency, the rules of law for determining whether any dependency exists are the same in any case. The only difference is one of degree or extent.

The judgment of the superior court and the award of the Industrial Commission in this case are supported by the evidence. We cannot say that they were wrong in refusing to consider the weekly contributions to Evelyn Koch from her uncle as payments for special services performed by her. There was no evidence of such an agreement. There is no dispute that she received $4 a week and her clothing from her uncle. She had no other income, and obtained only a part of her support from her parents. The actual value of the contribution made by her parents is not shown. Her father had a net income of $1608.16 after payment of taxes and of principal and interest on the mortgage. The actual cost of the room and board of the uncle is not shown, but it would substantially reduce the figure for net income. Assuming that one-fifth of her father's net income were allocable to her, approximately $300 would be the value of the contributions made by her parents. She received from her uncle clothing and weekly payments of cash well in excess of that figure. We have been cited to cases from foreign jurisdictions which say that an adult who is physically able to work, as defendant in error is, cannot be a dependent. The reason announced in these cases is that idleness at the expense of the employer would

be encouraged. The legislature has not limited compensation to dependents who are unable to work, nor have we done this in our decisions on questions of dependency. The cases cited are, therefore, not even persuasive.

The judgment of the superior court is affirmed.

*Judgment affirmed.*