(No. 3618—

HELEN CONWELL, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 10, 1942.*
*Rehearing denied January 12, 1943.*

A. B. LAGER, for claimant.

GEORGE F. BARRETT, Attorney General; ROBERT V. OSTROM, Assistant Attorney General, for respondent.

ECKERT, J.

Claimant, Helen Conwell, is a daughter of Marshall Conwell, deceased, a former flagman employed by the Division of Highways of the State of Illinois. On July 30, 1940, while flagging traffic on U. S. Route 50 about one mile east of Carlyle, Illinois, Conwell was struck by an automobile and instantly killed. At the time of the accident, the employer and employee were operating under the provisions of the Workmen's Compensation Act of this State, and notice of the accident and claim for compensation were made within the time provided by the Act. The accident arose out of and in the course of the employment. Claimant alleges that at the time of his death, she was partially dependent upon the deceased for support.

Conwell was first employed by the Division of Highways on July 29, 1940, at the rate of fifty cents per hour for an eight-hour day; the death having occurred on July 30, 1940, his period of employment by respondent was less than one year. Employees of the Division engaged in a similar capacity work less than two hundred days a year. At the time of his death, decedent was sixty-eight years of age and had no children under sixteen years of age and no wife dependent upon him for support.

Claimant seeks an award under Section 7(c) of the Workmen's Compensation Act, which provides that a child partially dependent, at the time of the injury, upon the earnings of the employee, shall be paid compensation in such proportion of a sum equal to four times the average annual earnings of the employee as such dependency bears to total dependency, but not less than one thousand dollars and not more than three thousand seven hundred and fifty dollars. The only question presented is whether or not dependency existed, and if so, to what extent.

From 1933 to August, 1936, Conwell worked at a shoe factory, earning $55.00 every two weeks. From August, 1936, until July 29, 1940, he was a constable and did odd jobs in and about Carlyle, Illinois; his yearly average earnings during this period were from $250.00 to $300.00; he purchased his own clothing and incidentals, and paid some money for board furnished him by another daughter at her home.

From 1935, to October, 1937, Conwell, his wife, his son and wife, and claimant resided in a house on Fairfax Street in Carlyle. Claimant's mother died in April, 1936. During

October, 1937, claimant and her father moved from the house on Fairfax Street to rooms in the house of one Mrs. Gullick, where Conwell was living at the time of his death. These consisted of two bedrooms and a kitchen; the rental was $10.00 per month, which Conwell paid. It is undisputed that while claimant lived with her father on Fairfax Street, and prior to the move to the Gullick home in October, 1937, she was wholly dependent upon him for support. None of her brothers or sisters contributed to her support, and none of them was dependent upon the father for support.

In November, 1937, claimant, who was then thirty-five years of age, went to St. Louis to care for an aunt, and continued in this employment "off and on, through fourteen months, till she died." Claimant received room and board and about $20.00 in cash during this period. She visited her father in Carlyle, "once every two weeks, sometimes once a month." Her father gave her money for "clothes and little expenses . . . when he had it." After the death of her aunt, claimant spent her time in various employments: from March, 1939, to July, 1939, she worked for board and room caring for an invalid; from July, 1939, until March, 1941, after the death of her father, she kept house for two girls in St. Louis, Missouri, for board and room and $4.00 per week; since that time, she has continued to do house work whenever she has been able to obtain such employment. After the death of her father, she abandoned the rooms in Carlyle.

Dependency is a question of fact. As the term is used in the Workmen's Compensation Act, it has been defined to be a present, existing relation between two persons, where the one is sustained by the other or relies on the aid of the other for his means of livin. *France Stone Company* vs. *Industrial Commission,* 369 Ill. 238. Partial dependency may exist even though the claimant could have subsisted without the decedent's contribution. The decisive test is whether the contributions were relied upon by the dependent for his means of living, as determined by his position in life, and whether he was to a substantial degree supported by the decedent at the time of the latter's death. *General Construction Company* vs. *Industrial Commission,* 314 Ill. 58; *Weil-Kalter Mfg. Co.* vs. *Industrial Commission,* 376 Ill. 48.

The court is of the opinion that at the time of her father's death, claimant was not dependent upon him. She did not

look to or rely upon his aid for her support or for reasonable necessaries consistent with her position in life for at least a year prior to his death. Rather she received from her father, according to her own testimony, "just small incidentals." Her claim does not meet the decisive test. It does not appear that she relied upon the contributions from her father for her means of living, or that she was to any substantial degree supported by her father at the time of his death. He was living in rooms at Carlyle, where she visited him occasionally; while there she performed small services for him, such as cooking his meals; occasionally he gave her small amounts of spending money. The record shows an affectionate family relationship, but it does not show any contribution by the father to the claimant of moneys which were relied upon as means of support. The claim is therefore denied.