**KING, Plaintiff v. INDUSTRIAL COMMISSION, Defendant.**

Common Pleas Court, Tuscarawas County.

*Decided February 24, 1945.

* (No appeal taken)

John F. Locke, Canton, for plaintiff.

Hugh S. Jenkins, Attorney General, Columbus, and Alvy T. Witt, Asst. Attorney General, Columbus, for defendant.

## OPINION

By LAMNECK, J.

For twenty-nine years prior to January 5, 1943, the plaintiff in this case was employed as a fireman by the city of New Philadelphia, Ohio. On June 23, 1943 he filed an injury claim for compensation with the Industrial Commission of Ohio in which he gave no date of injury but in which he claimed he had an infected right lung "caused in line of duty over period of time."

Thereafter on August 13, 1943 he filed a claim for occupational disease for this same condition to which was assigned claim number OD 678 P. E.

The record does not disclose what disposition was made of these claims, but evidently no action was taken thereon because on February 26, 1944 the plaintiff filed a new application for compensation for an injury which he alleged he sustained in the course of his employment on November 20, 1942, causing an infection in his right lung.

On March 28, 1944, this claim was disallowed by the Industrial Commission on the ground that the proof failed to establish that the claimant's disability was the result of an injury received in the course of and arising out of his employment.

On the same day the claimant filed an application for rehearing of this claim which was finally disposed of by the Industrial Commission on November 13, 1944, in which said Commission reaffirmed its previous finding.

In due course the plaintiff filed an appeal in this Court which was submitted without the intervention of a jury.

It appears from the evidence in this case that during the first two weeks of November, 1942, the plaintiff was afflicted with an attack of influenza which caused him to be disabled; that although in a weakened condition he had returned to work for about a week when on November 20, 1942, he was required to attend his first fire, subsequent to his return to duty, at a barn in New Philadelphia; that only two regular firemen of which he was one answered this alarm; that he drove the fire truck to the scene of the fire and after his arrival at the scene of the fire, he attempted to pull 150 to 200 feet of 2½ inch hose from the hydrant where it was connected, but because of his weakened condition he was unable to do this until he was assisted by a number of volunteer firemen who arrived on the scene; that after the fire was brought under control; someone threw a number of charred and burning carcasses of rubber tires from the haymow of the barn which lit five or six feet in front of the plaintiff in dirt; that this made the plaintiff cough and he walked away from the dirt, smoke and fumes; that he continued to cough during the night and thereafter and was obliged to quit work on January 7, 1943 and has not worked since; that he developed a lung abscess in January or February, 1943, and was required to have several surgical operations for the removal of pus from his right lung, and was hospitalized on five different occasions, viz: from February 12, 1943 to February 26, 1943; from April 26, 1943 to July 12, 1943; from December 1, 1943 to December 19, 1943; from March 26, 1944 to April 24, 1944; and from May 21, 1944 to June 4, 1944.

The medical evidence shows that the only cure for the infection is complete removal of the right lung.

The plaintiff contends that the infection was caused by the inhalation of smoke, fumes and dirt at the scene of the fire when the burned and charred carcasses of tires were thrown from the second floor of the barn and fell in dirt five or six feet from his feet.

The plaintiff submitted a number of lay witnesses who testified as to his good health prior to the incident on Novem-

ber 20, 1942. Dr. George M. Curtis of Columbus, Ohio, who has had the plaintiff under his observation and treatment since February 9, 1943, testified that he was "unable to demonstrate any single conclusive cause for the development of this lung abscess"; that he could not "conceive of a lung abscess developing spontaneously"; that a lung abscess commonly "results from some incident whereby infectious material can be aspirated into the respiratory system"; that he had eliminated tooth extraction, or a surgical operation, and malignancy as possible causes; that "the inhalation of smoke during the episode of November 20th could have resulted in his subsequent suppurative lung disease"; and that he didn't "know of any other inciting cause to lay the disease to."

Dr. D. H. Downey of Dover, Ohio, who treated the plaintiff prior to his referral of the case to Dr. Curtis, testified "that the breathing of irritating fumes or gas—the irritation from foreign bodies that might have been inhaled, could have precipitated an abscessed condition in the lungs in this area of lowered resistance" from the previous infection. Dr. Downey in concluding his testimony stated that the lung infection was "probably due to the episode on November 20, 1942".

In determining the merits of this case, two very important questions present themselves, viz.: (1) Did the plaintiff sustain an accidental injury on November 20, 1942? (2) If an accidental injury was sustained, was such injury the proximate cause of the plaintiff's disability?

Under §1465-63 GC, an "injury" shall include any injury received in the course of, and arising out of, the injured employe's employment. It means bodily injury, accidental in its origin and cause, (**Industrial Commission v Tolson, 37 Oh Ap 282, 174 N. E. 622; Industrial Commission v Franklin, 126 Oh St 299, 185 N. E. 189**)

Where an employe by reason of the activities, conditions and requirements of his employment is subjected to a greater hazard than are the members of the general public, and he is accidentally injured thereby, a causal connnection between the employment and his injury is established, (**Malone v Industrial Commission, 140 Oh St 292, 23 OO 493, 43 N. S. (2d) 266**).

Under these rules heat exhaustion sustained while working in a superheated foundry, a cerebral hemorrhage sustained by a person afflicted with diabetes and arteriosclerosis while being subjected to working conditions to which he was unac-

customed, a ruptured blood vessel near the heart sustained while carrying heavy chairs, and inhalation of monoxide gas in a mine, have all been held to be accidental and traumatic injuries, (**Malone v Industrial Commission, 140 Oh St 292, 23 OO 496, 43 N. E. (2d) 266; Saupe v Industrial Commission, 69 Oh Ap 519, 24 OO 248, 44 N. E. (2d) 282; Industrial Commission v Dunham, 33 Oh Ap 237,** 169 N. E. 36; **Industrial Commission v Tolson, 37 Oh Ap 282,** 174 N. E. 622).

Our Supreme Court has held that there is a distinction between medical and legal trauma. Thus medical trauma produced by a microbe or a microscopic foreign substance coming in contact with an uninjured mucous membrane of the human body is not a compensable legal injury, (**Industrial Commission v Armacost, 129 Oh St 176, 1 OO 544,** 194 N. E. 23).

The plaintiff in this case was being subjected to a greater hazard than the general public while on duty at the fire in question on November 20, 1942, by reason of the activities, conditions, and requirements of employment. When the charred and burnt carcasses of tires were thrown from the second floor of the barn and lit within five or six feet from his feet in the dirt causing him to inhale smoke, fumes and dirt, the occurence was accidental, because under the rule laid down in **Malone v The Industrial Commission, 140 Oh St 292, 23·O. O. 496, 43 N. E. (2d) 266,** there was a sudden mishap occurring by chance, accidental in its character, it was unexpected, it occurred at a particular time and place, and the foreign infectious matter coming accidentally in contact with the lungs, was traumatic.

The Court must therefore hold that the plaintiff sustained an accidental injury on November 20, 1942.

Was this accidental injury the proximate cause of the plaintiff's disability?

From the evidence submitted it is undisputed that the plaintiff had an infection of the lungs for several weeks prior to the incident on November 20, 1942; that he had not recovered from this infection on that date, and was in a weakened condition.

If a person has certain physical impairments or disease before sustaining an injury, and if the injury aggravated the disease or impairments already existing causing a disability that would not otherwise have existed, then such disability is compensable. Thus an existing hernia which becomes

strangulated directly from strain or overexertion while in the course of employment is a compensable injury, (**Baker v Industrial Commission, 44 Oh Ap 539, 186 N. E. 10**).

If the plaintiff in this case had infected lungs and lowered resistance by reason of having an attack of influenza from which he had not recovered on November 20, 1942, and if the incident on November 20, 1942 caused him to accidentally inhale smoke, fumes and dirt carrying disease germs which affixed themselves to his weakened right lung, and as a result a lung abscess developed which would not have developed if the accident had not accurred, then the plaintiff is entitled to participate in the workmen's compensation fund.

The defendant contends that the medical evidence in the record does not warrant a finding that the lung abscess was the proximate result of the incident which occurred on November 20, 1942, and cites in support of this contention the case of **Drakulich v The Industrial Commission, 137 Oh St 82, 27 N. E. (2d) 932, 17 O. O. 398,** in which it is held that there must be a "probability" not a "possibility" that a disability is the result of an injury to be compensable. This decision was reaffirmed in the case of **Aiken v The Industrial Commission, 143 Oh St 120, 28 O. O. 50,** in which it was also held that in order to prove proximate cause, medical evidence must be submitted showing a probable relationship between a disability and an injury, in order for the disability to be compensable.

In this case Dr. Downey testified that the plaintiff's disability was probably due to the incident which occurred on November 20, 1942. Dr. Curtis, the only other medical witness, stated that in his study of the case over a long period of time he had eliminated all possible causes of the lung abscess except the accident which is alleged in the plaintiff's petition.

Probability does not mean certainty. A probability is established when there is enough evidence to establish a presumption. If a disability is likely to have resulted from an injury, or if it is believed to have resulted therefrom, then such disability is "probably" the result of the injury.

Under this definition and the testimony of the medical witnesses, the Court is of the opinion that the plaintiff's disability was not only "possibly" related to the injury, but was "probably" traceable thereto.

It will therefore be ordered that the plaintiff is entitled to participate in the workmen's compensation fund.