(No. 4049

ROBERT B. ZIMMERMAN, IN HIS INDIVIDUAL CAPACITY AND AS NEXT FRIEND AND NATURAL GUARDIAN ROBERT B. ZIMMERMAN, JR., Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 20, 1948.*

CHARLES M. KENNEY, for Claimant.

GEORGE F. BARRETT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

BERGSTROM, J.

On November 21, 1947, Robert B. Zimmerman, in his individual capacity and as next friend and natural guardian of Robert B. Zimmerman, Jr., filed his complaint for compensation under the Workmen's Compensation Act because of the death of Mary Faye Zimmerman, the wife of claimant and the mother of Robert B. Zimmerman, Jr.

The decedent, Mary Faye Zimmerman, was employed by respondent on June 23, 1947 in the Department of Public Welfare, Child Welfare Division. On October 20, 1947, while returning by automobile from

an assignment in Taylorville and Pana to Springfield, her automobile accidentally collided with another automobile at approximately ten miles south of Springfield on U. S. Route 66. She was badly injured and immediately taken by ambulance to St. John's Hospital, Springfield, Illinois, where, as a result of her injuries, she died on October 22, 1947.

At the time of the accident the claimant and respondent were operating under the provisions of the Workmen's Compensation Act of this State, and notice of the accident and claim for compensation were made within the time provided by the Act. We find that the accident arose out of and in the course of the employment.

There remains, however, the question to be determined as to whether Robert B. Zimmerman, Jr., the son, was partially dependent upon the earnings of his mother, Mary Faye Zimmerman, at the time of the latter's fatal injury, within the contemplation of paragraph (c) of Sec. 7 of the Workmen's Compensation Act. This paragraph provides:

"If no amount is payable under paragraph (a) or (b) of this Section, and the employee leaves any parent or parents, child or children, who, at the time of the accident, were partially dependent upon the earnings of the employee, then such proportion of a sum equal to four times the average annual earnings of the employee as such dependency bears to total dependency, but not less in any event than one thousand dollars, and not more in any event than three thousand seven hundred fifty dollars."

Whether there is a dependency under paragraph (c) of the Act is a question of fact to be established by the claimant. *Wedron Silica Co.* v. *Industrial Commission,* 312 Ill. 118; *Peterson* v. *Industrial Commission,* 315 Ill. 199. The pertinent facts on the question of dependency, based on the evidence, are: that the deceased was employed by respondent from June 23, 1947 to the date of her death, earning $180.00 per month; the father, Rob-

ert B. Zimmerman's annual earnings, commencing in September 1947, were $5,800.00; the son earned $502.00 the preceding year, most of it earned as a lifeguard during the summer months; that the son, at the time of his mother's death, was attending Junior College in Springfield; his tuition and expenses at school were paid by his parents; he lived in the home of his parents, and the cost of his food, lodging and clothing were paid for by his parents. The father testified that the home was owned jointly by deceased wife and himself, and that their earnings were deposited in a joint bank account, against which they would both draw checks for family expenses. He further testified he was unable to figure what expenses were paid out of his wife's earnings and what were paid out of his earnings, as they were all lumped together and came out of common funds.

The law applicable to the question of dependency is well summarized in the case of *Air Castle, Inc.*, vs. *Industrial Commission*, 394 Ill. 62, where our Supreme Court said, on page 66:

"*Principles applicable to the factual situation presented are firmly established. Dependency, as the term is employed in the Workmen's Compensation Act, implies a present existing relation between two persons, where one is sustained by the other, or looks to or relies on the aid of the other for support or for reasonable necessities consistent with the dependent's position in life. (Weil-Kalter Mfg. Co. v. Industrial Com., 376 Ill. 48; France Stone Co. v. Industrial Com., 369 Ill. 238; Bauer & Black v. Industrial Com., 322 Ill. 165.) The decisive test, it is settled, is whether the contributions were relied upon by the applicant for his means of living, judging by his position in life, and whether he was to a substantial degree supported by the employee at the time of the latter's death. (Weil-Kalter Mfg. Co. v. Industrial Com., 376 Ill. 48.) The statute awards compensation where there is actual dependency at the time of the injury although such dependency might afterwards cease or even probably would cease in the future. (Wasson Coal Co. v. Industrial Com., 312 Ill. 241.) Furthermore, the Workmen's Compensation Act receives a practical and liberal construction, particularly in determining questions of dependency. (Waechter v. Industrial Com., 367 Ill. 256.) This being so, courts should not interfere with the finding of the Industrial Commission on fact questions relative to the exist-*

*ence and extent of dependency, if there be evidence to sustain the find-ing. France Stone Co. v. Industrial Com., 369 Ill. 238; General Con-struction Co. v. Industrial Com., 314 Ill. 58; Novak. v. Industrial Com., 339 Ill. 292.*

*Plaintiffs in error have never contended that they were entirely dependent upon their son's earnings, their contention being, instead, that they were partially dependent, at the time of William LaTour's death, upon his contributions to them. A child contributes to the sup-port of his parents, within the purview of the Workmen's Compensa-tion Act, when he contributes a substantial sum to the support of the family, although this sum is less than the actual cost of his support and maintenance where the child is a minor or is in a position to de-mand legal support, as here, from his parents. (Chicago, Wilmington & Franklin Coal Co. v. Industrial Com., 303 Ill. 540.) As pertinently stated in General Construction Co. v. Industrial Com., 314 Ill. 58, 'The parents' income, their mode of living and the application of the boy's earnings, at least partially, to the maintenance of the home were of such a character as to justify an award on the ground of partial de-pendency. Partial dependency may exist even though the claimant could have subsisted without the decedent's contributions. The test is whether the contributions were relied on by the dependent for his means of living as determined by his position in life.' Peterson v. Industrial Com., 331 Ill. 254, is to the same effect."*

Applying the principle of law above quoted to the facts present in the record before us we find that the son, Robert B. Zimmerman, Jr., was partially depend-ent on his mother, Mary Faye Zimmerman, for support at the time of her death. However, we are unable to determine with any degree of accuracy the percentage of such dependency. As the burden of proving this is upon the claimant, we must necessarily restrict any award to the minimum amount allowed under Section 7 (c), or One Thousand Dollars, increased by thirty (30) per cent under Section 7 (1) to Thirteen Hundred Dollars.

The record also shows that claimant, Robert B. Zim-merman, the father, paid $119.50 to St. John's Hospital, $90.00 to the Springfield Clinic for medical services, and $10.00 to Kirlin & Egan for ambulance service, a total of $219.50, all necessarily incurred as a result of the injuries sustained by decedent from the accident in ques-

tion. The evidence also shows that Mrs. Edna Zimmerman, Supervisor in Charge of the Division of Child Welfare, where the decedent was employed, visited the hospital within twenty-four hours after the accident and assured claimant that respondent would pay the hospital and doctor bills; and we find that claimant is entitled to be reimbursed for the amount expended of $219.50.

Respondent paid decedent a salary of $180.00 per month, or on the basis of $2,160.00 per year, which was the annual earnings paid persons employed in the same class. Under Section 10 (c), the compensation rate would be $15.00 per week, which must be increased thirty (30) per cent or to $19.50, the accident having occurred subsequent to July 1, 1947.

An award is therefore made to Robert B. Zimmerman in the sum of $219.50 for hospital and medical bills, which is payable forthwith.

An award is also made to Robert B. Zimmerman, for the use and benefit of his son, Robert B. Zimmerman, Jr., in the sum of $1,300.00 payable as follows:

$507.00, which has accrued, is payable forthwith; and
$793.00, shall be payable in weekly installments of $19.50 commencing April 28, 1948 and continuing for 40 weeks, with a final payment of $13.00.

Hugo Antonacci, Court Reporter, charged $30.00 for taking and transcribing the testimony. We find the amount charged is fair, reasonable and customary, and should be allowed.

An award is therefore made to Hugo Antonacci, 502 Illinois National Bank Building, Springfield, Illinois, in the sum of $30.00.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."