(No. 13150.—Judgment reversed.)

THE ALDEN COAL COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(J. M. HAZLETT, Admr. Defendant in Error.)

*Opinion filed June 16, 1920.*

1. WORKMEN'S COMPENSATION—*who is a dependent.* A dependent is one who is sustained by another or who looks to or relies on the aid of another for support or for reasonable necessaries consistent with the dependent's position in life.

2. SAME—*question of dependency is one of fact.* The question of dependency is one of fact, and the court will not interfere with the decision of the Industrial Commission if there is evidence tending to sustain it.

3. SAME—*dependency must exist at the time of injury.* Where there is no evidence that the claimant was dependent upon the employee at the time of the injury resulting in the employee's death, evidence of a proposed arrangement between the claimant and the employee which might have resulted in a condition of dependency had the employee lived will not justify an award on the ground of dependency.

WRIT OF ERROR to the Circuit Court of Fulton county; the Hon. G. W. THOMPSON, Judge, presiding.

HENRY KNELLER, for plaintiff in error.

A. W. KERR, and W. J. MACDONALD, for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

The circuit court of Fulton county having confirmed an award by the Industrial Commission of compensation for the death of Arthur Eshelman, the Alden Coal Company, the employer, has sued out a writ of error to review the judgment.

The deceased left no widow or children but was survived by his mother, Margaret Mohr, and the only question in

the record is whether she was partially dependent on his earnings. The employer paid $150 to the administrator for burial expenses and insists that no further compensation can be awarded under the statute.

Mrs. Mohr was the only witness examined. From her testimony it appears that her husband, the deceased's father, died on June 1, 1915, leaving four children: Arthur, the deceased, who was eighteen years old; a brother, Harry, a year or two older; and a brother and sister who were younger. On or before December 24, 1916, she married Henry Mohr and on that date went with him to Colorado, where they lived together until his death, which occurred on April 30, 1917. After her first husband's death she was the owner of a shoe and harness repair shop in Farmington, which was conducted for her by Arthur and Harry. Arthur received no wages or salary and lived with his mother, who furnished him with clothes, board and all his expenses. After Mrs. Mohr's marriage and removal to Colorado the two brothers continued to conduct the shop until February, 1917, when Harry left, and from that time Arthur ran the shop until June, when it was sold. A payment of $75 was made on the sale, of which Arthur sent his mother $25. The remainder of the purchase price she collected after his death. He never received any compensation for running the shop, except that he paid his living expenses out of the receipts. He never sent her any money, and all the income from the shop was used by her authority to pay the expenses of the two young men, the debts incurred in the business and an insurance premium on the lives of all the family. When Mohr died he left besides his widow four heirs. He left 160 acres of land, but no money and no will. Mrs. Mohr had no money or other immediate means of support, and she got Mohr's son to work the farm for half the crop. The only income she received from the farm was what was raised on it, and she got nothing from that source until October, 1917. She bought no clothes, did not have to pay

rent and bought necessary groceries on credit, paying the bills in October out of her receipts from the crops. After Mohr's death she wrote to Arthur to come out in June and work for her to help her, but he did not want to go until he got a little more money, because he had not enough left after paying the bills. He was to come out after getting money enough, and so he went to work for the plaintiff in error on June 23, 1917, and was killed on July 16.

If any compensation beyond $150 for funeral expenses was payable it was by virtue of paragraph (c) of section 7, which provides for compensation to a parent "who at the time of the injury was dependent upon the earnings of the employee." A dependent is one who is sustained by or relies for support on the aid of another, or looks to another for support and relies on another for reasonable necessaries consistent with the dependent's position in life. The question of dependency is one of fact, and the court will not interfere with the decision of the commission if there is evidence tending to sustain it. (*Rock Island Iron Works* v. *Industrial Com.* 287 Ill. 648.) Mrs. Mohr never received any part of her support from her son. Until April 30, before his death in July, she was living with her husband and was presumably supported by him,—certainly she was not sustained by the deceased and did not rely upon his aid for support. She did not look to him for any necessaries of life, and there is no evidence tending to show that she either needed or received aid from him. He was managing her business, though not for pay, and the evidence does not tend to show that he was contributing to her support rather than that she was contributing to his. After her husband's death she did not become dependent upon Arthur but provided for herself from her own resources. Had he lived to carry out the arrangement contemplated by his mother and himself a different question would be presented, but the question here is one of actual dependency at the time of the injury, and evidence of a proposed arrangement which might re-

sult in a condition of dependency in the future does not tend to show an actual, existing dependency.

The judgment of the circuit court is reversed and the record of the Industrial Commission quashed.

*Judgment reversed.*