---

(No. 15777.—Judgment reversed.)
THE WASSON COAL COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(LUCY CLAYTON, Defendant in Error.)

*Opinion filed April 14, 1924.*

1. WORDS AND PHRASES—*meaning of the word "dependency."* The word "dependency" implies a present existing relation between two persons where one is sustained by another or looks to or relies on the aid of another for support or for reasonable necessaries consistent with the dependent's position in life.

2. WORKMEN'S COMPENSATION—*section 7 of Compensation act applies to existing dependency, only.* Section 7 of the Compensation act, fixing the amount of compensation payable to one who relied upon the support of a deceased employee, applies to a relation of dependency existing at the time of the injury.

3. SAME—*expectation of future contributions to support does not establish right to compensation.* Section 7 of the Compensa-

tion act awards compensation where there is actual dependency "at the time of the injury" although such dependency might afterwards cease or probably would cease in the future, but where there is no existing dependency the anticipation of future contributions had the employee lived does not entitle a claimant to compensation.

4. SAME—*what determines whether parent is entitled to compensation as a dependent.* Compensation allowed to a parent on account of dependency, either partial or total, depends upon evidence that the deceased was actually making some contribution to the support of the claimant at the time of the injury or that a condition of dependency existed at the time of the injury.

WRIT OF ERROR to the Circuit Court of Saline county; the Hon. A. E. SOMERS, Judge, presiding.

MOLONEY & POSTELNEK, and MILEY & COMBE, (PETER POSTELNEK, of counsel,) for plaintiff in error.

JAMES B. LEWIS, for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On January 17, 1922, Virgil Clayton, while employed in the coal mine of plaintiff in error, the Wasson Coal Company, at Harrisburg, sustained an accidental injury which arose out of and in the course of his employment and which resulted in his death the same day. His mother, Lucy Clayton, applied to the Industrial Commission for compensation, alleging that she was totally dependent upon the earnings of the deceased at the time of the injury. An arbitrator, after hearing the evidence, made an award of $1650,—the minimum compensation for partial dependency. On review the Industrial Commission affirmed the award, and the record was filed in the circuit court of Saline county as a return to a writ of *certiorari.* The circuit court affirmed the decision of the Industrial Commission, and a writ of error to the circuit court was awarded for a review of the record.

Lucy Clayton, the mother of Virgil Clayton, lived at Providence, Kentucky, and was the only witness. Until about a year before the death of Virgil he lived with his father, mother and family at Providence. His father had been a farmer and was a coal miner, and Virgil worked as a miner for the Hunter Coal Company. Whenever Virgil drew his pay he contributed money for the support of the family and himself, including his own board, and the amount so contributed was probably about $30 a month. He left home a year before his death and came to Harrisburg, where he worked as a miner for the Wasson Coal Company until the accident which caused his death. After he came to this State he never sent any money to his father or mother but gave his father some money on two occasions when he went home, and the amount was not shown. The witness thought he gave money to his father some time in July, 1921, when he was home. His father died on November 13, 1921, three months before the death of Virgil, and after the death of the father the family consisted of the mother; an unmarried son, Ernest, twenty-five years old, who was a coal miner; a son Thomas, who was eighteen years old and drove an ice wagon at $15 a week; a son George, sixteen years old, who worked in the mines after his father's death, putting his earnings in toward the support of the family; a son Edward, fourteen years old; and a daughter, Robbie, eleven years old,—the last two contributing nothing to the family. Virgil was twenty-three years old at his death. He went home to the funeral of his father but gave no money to the claimant then or at any other time afterward. He contemplated marriage and informed his mother about it, and said if she did not want him to marry he would not. While the father was living the claimant was dependent upon him and not upon Virgil, although he contributed to the family expenses until he left home. After the death of the father the claimant was dependent on her own earnings and that of the members of

her family. The day before Virgil was killed he wrote that he was coming home the last of the month and would bring some money, and there was a probability that he would return to Providence at some time in the future to live.

The word "dependency" implies a present existing relation between two persons where one is sustained by another or looks to or relies on the aid of another for support or for reasonable necessaries consistent with the dependent's position in life. The legislature gave it that meaning in enacting the Workmen's Compensation act, by providing in section 7 for compensation to any person of the class therein named who "at the time of the injury" was dependent upon the earnings of the employee. The statute awards compensation where there is actual dependency at the time of the injury although such dependency might afterwards cease or even probably would cease in the future, and on the other hand an anticipation of dependency and a contribution for support, although it may be reasonably expected, is not within the terms of the statute, which furnishes the rule by which the right of a claimant shall be determined. The compensation allowed to a parent on account of dependency, either partial or total, must depend upon evidence that the deceased was actually making some contribution to the support of the claimant at the time of the injury or a condition of dependency existed at the time of the injury. In this case Virgil was not making any contribution to the support of the claimant at the time of his death, and all that appeared was a reasonable expectation on her part that he would contribute to her support in the future. Expectation, however reasonable, of future contributions, such as appeared in this case, does not come within the terms of the statute, and the award was not justified by the evidence. *Alden Coal Co.* v. *Industrial Com.* 293 Ill. 597.

The judgment is reversed.     *Judgment reversed.*