(No. 3944

Myrtle H. Heller, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed November 12, 1947.*

*Petition of claimant for rehearing denied December 18, 1947.*

Sewell and Petty, for claimant.

George F. Barrett, Attorney General; William L. Morgan, Assistant Attorney General, for respondent.

Damron, J.

This claim is brought by Myrtle H. Heller for benefits under Section 7, paragraph (c) of the Workmen's Compensation Act. The record consists of the complaint, departmental report, motion of claimant for an extension of time, transcript of evidence, reporter's bill, abstract of evidence, brief of claimant, brief and argument of respondent, and claimant's reply brief.

The record discloses that claimant's mother, Anna Gertz, was employed for a number of years as a cook at the Chicago State Hospital and in the early morning of January 29, 1945, she attempted to light a gas stove in said institution. The explosion which followed caused the door to blow open which struck her on the top of her legs between the knees and the hips. Mrs. Gertz was given first aid at the hospital by Doctor Cohen and

was hospitalized at the institution for several days and on February 16, 1945, she died.

This claimant, Myrtle H. Heller, was also employed in this Chicago State Hospital, receiving a salary of $85.00 per month and $20.00 per month for maintenance. The testimony of claimant discloses that she lived in her mother's house with her invalid husband and that her mother lived in the Chicago State Hospital. That while the claimant and her husband occupied her mother's house, the mother made no charge for rent and also periodically assisted her in other expenses of the household.

This claim is based primarily on the help that was given to claimant by her mother during her lifetime inasmuch as the claimant testified she could not wholly support her husband on the salary she was making.

Evidence further discloses that the invalid husband died a short time after claimant's mother died.

Generally speaking, the question of partial dependency is one of fact. Those dependent upon an employee killed by an accidental injury sustained while in the course of and arising out of his employment, belong to a class entitled to compensation. Sec. 7(c).

The right to relief is purely statutory. If the condition or relation authorizing an award of compensation does not exist, the award as a matter of law, cannot be sustained. One claiming an award as a dependent on another, must show by the evidence that she was sustained by or relied for support on the aid of the other, or looked to her for support and relied on her for reasonable necessaries consistent with the dependent's position in life, *Alden Coal Co.* vs. *Industrial Commission*, 293 Ill. 597, and that she was to a substantial degree supported by the employee at the time of her death. *Pratt Co.* vs. *In-*

*dustrial Commission,* 293 Ill. 367; *Keller* vs. *Industrial Commission,* 291 id 314; *Peabody Coal Co.* vs. *Industrial Commission,* 311 id 338; *Lederer Co.* vs. *Industrial Commission,* 321 id 563.

The evidence of claimant fails to disclose legal liability on the part of her mother to support her and we must construe her evidence as showing that her mother made voluntary contributions periodically which in no sense can be construed as partial dependency or a legal liability on the part of her mother to support claimant's invalid husband.

It is well settled in law that a mere showing of parentage or lineal relationship raises no presumption of dependency but whether there is dependency under paragraph (c) of the Act is a question of fact to be established by the claimant. *Wedron Silica Co.* vs. *Industrial Commission,* 312 Ill. 118; *Peterson* vs. *Industrial Commission,* 315 id 199. The word ''dependency'' implies a present existing relation between two persons, where one is sustained by another or looks to or relies on the aid of another for support or for reasonable necessaries consistent with the dependent's position in life. *Wasson Coal Company* vs. *Industrial Commission,* 312 Ill. 241. The test is whether the contributions were relied upon by the claimant for her means of living judging by her position in life, and whether she was to a substantial degree supported by the employee at the time of the latter's death. *General Construction Company* vs. *Industrial Commission,* 314 Ill. 58; *Peabody Coal Company* vs. *Industrial Commission* supra; *Pratt Company* vs. *Industrial Commission* supra.

An award must be based upon facts and evidence and cannot rest upon conjecture, speculation, or surmise.

The evidence does not establish the claimant's partial dependency upon the earnings of the deceased.

The Attorney General contends that there is no dependency shown by this evidence and we agree with this contention.

The claimant having failed to establish by the evidence that she is entitled to an award, her complaint must be dismissed.

Award denied.

A. M. Rothbart, Court Reporter, has filed a bill for reporter services in this case in the sum of $51.00 supported by affidavit. The bill appears reasonable for the services rendered and is hereby allowed.

Award is hereby rendered in favor of A. M. Rothbart in the sum of $51.00.